IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PRAGMATUS TELECOM, LLC, | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 12-92-RGA |
| FORD MOTOR COMPANY, | : | |
| Defendant. | : | |

**MEMORANDUM ORDER**

Before the Court is a motion to dismiss for failure to state a claim. (D.I. 14). The motion seeks dismissal of all claims of direct and indirect infringement.[1] The matter is fully briefed. (D.I. 15, 19, 22, 34 & No. 12-88, D.I. 38).

The Plaintiff in its First Amended Complaint (D.I. 12) asserts that three patents are infringed, all of which are captioned similarly: "Method and System for Coordinating Data and Voice Communications via Customer Contact Channel Changing System [Using Voice Over IP]." The amended complaint is 6 pages long.

The relevant facts alleged in the amended complaint are: Pragmatus owns the three patents. (D.I. 12, ¶¶ 1, 10). The patents "relate to automated call distribution centers. [O]ne or more servers provides network service to a customer, including a remote help option selectable by the customer (e.g., "click to chat"). Upon selection of the remote help option, a help request

---

[1] In three cases involving the same Plaintiff and three other defendants, involving essentially identical complaints, the defendants have only filed to dismiss the indirect infringement claims. (See Nos. 12-88-RGA (D.I. 15); 12-94-RGA (D.I. 17); 12-96-RGA (D.I. 14)). Those three cases will be resolved similarly to this one, by separate order.

is sent to a call center identifying a way in which the customer can be reached. The customer can then be contacted and the help request handled correctly and efficiently." (*Id.*, ¶9). The accused "systems include, for example, Ford Motor's live chat and related customer service communication channels." (*Id.*, ¶11). Ford Motor has knowledge of the patents since January 27, 2012, when the original complaint in this case was filed. (*Id.*, ¶13). Ford Motor's customers "that engage Ford's live chat and related customer service functionality provided on its web site(s) [two of which are identified by URL] and in its contact center(s) are encouraged to infringe." (*Id.*, ¶14). In addition to the facts, there are boilerplate allegations regarding direct, (and, less obviously) induced and contributory infringement, allegations of jurisdiction, and a request for damages and an injunction.

The minimal allegations set forth in the counts against the defendant are all that are required to satisfy Form 18 and to state a claim of direct infringement. *See In re Bill of Lading Transmission and Processing System Patent Litigation*, 681 F.3d 1323, ___, 2012 WL 2044605, *7 (Fed. Cir. June 7, 2012) ("whether [a complaint] adequately pleads direct infringement is to be measured by the specificity required by Form 18.").[2] Thus, the motion to dismiss claims of direct infringement will be denied.

The allegations are insufficient to state a claim for indirect infringement. *See generally id.* The allegation of contributory infringement states, in relevant part, that the defendant "contributorily infringe[s] the patents by knowingly making, providing, and/or distributing" infringing systems "including the functionality discussed herein." (*Id.*, ¶15). There is no

---

[2] The Federal Circuit further comments, "It will not always be true that a complaint which contains just enough information to satisfy a governing form will be sufficient under *Twombly*...." *Id.* at ___, 2012 WL 2044605, at *7 n.6. Given the citations that follow in the footnote, I do not believe this is meant to be some sort of limitation on the holding in the text.

allegation that the defendant "offers to sell or sells . . . or imports" the functionality or anything else. *See* 35 U.S.C. § 271(c). It seems pretty apparent that the Plaintiff has no basis to make such an allegation against Ford. The allegations about the infringing systems "constitut[ing] a material part of the claimed inventions and are not staple articles of commerce suitable for substantial non-infringing use" are supported by no facts. (*Id.*, ¶15). In regard to both forms of indirect infringement, there are no allegations of direct infringement[3] accompanying the allegations of indirect infringement. *See In re Bill of Lading*, 681 F.3d at ___, 2012 WL 2044605, at *5. The factual allegations about knowledge are sufficient. *See Global-Tech Appliances, Inc. v. SEB S.A.*, 131 S.Ct. 2060, 2068 (2011). If the indirect infringement allegations were otherwise sufficient, knowledge as of January 27, 2012, would have been pled. Specific intent is alleged generally. (*Id.*, ¶14). No facts, however, are alleged from which one could infer that the allegation is plausible. The allegations of both forms of indirect infringement suffer from the bare bones nature of the complaint. Some facts would put some flesh on the bones, and might, or might not, make the allegations plausible. Until such facts are pled, however, the complaint fails to state a claim for indirect infringement.

Thus, IT IS HEREBY ORDERED this 5th day of July 2012, that:

1. The Defendant's Motion to Dismiss is **GRANTED IN PART AND DENIED IN PART.** The claims of indirect infringement are **DISMISSED WITHOUT PREJUDICE.** While it is true that the Plaintiff has previously amended its complaint, this would be the first time in response to a court order. Thus, the Plaintiff is granted **LEAVE TO AMEND** its

---

[3] There are hints. For example, Plaintiff says that the Defendant intended that its customers (presumably meaning owners of Ford automobiles) "go on to Ford's website" to infringe the patents (*Id.*, ¶14), but that is not the same thing as saying, "Ford customers infringe the patents by using the websites," which appears to be what is intended.

complaint no later than July 20, 2012.

/s/ Richard G. Andrews
United States District Judge